EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Carlos R. Rodríguez García<br>(TS-7,061) | 2019 TSPR 130<br><br>202 DPR ____ |

Número del Caso: AB-2018-259


Fecha: 16 de julio de 2019


Abogado del promovido:

    Por derecho propio


Oficina del Procurador General:

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar


Materia: La suspensión será efectiva el 24 de julio de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                          Conducta
                                          Profesional

Carlos R. Rodríguez García
(TS-7,061)                        AB-2018-0259

PER CURIAM

En San Juan, Puerto Rico, a 16 de julio de 2019.

I

El Lcdo. Carlos R. Rodríguez García fue admitido al ejercicio de la abogacía el 20 de noviembre de 1980. El 19 de diciembre de 1980 prestó juramento para ejercer el notariado. El 3 de marzo de 2017 suspendimos de la práctica de la abogacía y notaría al licenciado Rodríguez García por un término de seis meses. Este le solicitó a una persona que fingiera ser su representada en una vista preliminar como estrategia para cuestionar la precisión de una identificación. Sin embargo, el 23 de mayo de 2018, reinstalamos al licenciado Rodríguez García solamente al ejercicio de la abogacía y no al de la notaría.

Posteriormente, el 17 de octubre de 2018, la Lcda. Grace P. Casanova Castro presentó una queja contra el licenciado Rodríguez García en la que alegó que este violó varios cánones del Código de Ética Profesional, 4 LPRA Ap. IX. El 22 de octubre de 2018, le enviamos al licenciado Rodríguez García una carta en la que le concedimos 10 días para presentar su contestación a la queja. El 16 de noviembre de 2018, el licenciado Rodríguez García nos solicitó que extendiéramos el término para presentar su contestación. Le indicamos que su solicitud de prórroga fue presentada transcurrido el término que establece la Regla 48(b) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B. No obstante, en aras de proveerle una oportunidad adicional para contestar la queja, el 21 de noviembre de 2018, le concedimos un término de 10 días.

El 3 de diciembre de 2018, el licenciado Rodríguez García compareció nuevamente y solicitó un término perentorio de 7 días para presentar su contestación a la queja. Le concedimos un término adicional de 5 días para contestar. Finalmente, el 10 de diciembre de 2018, el licenciado Rodríguez García presentó su contestación. Luego de esto, referimos la queja al Procurador General para que realizara la investigación correspondiente y rindiera la recomendación que estimara pertinente.

El 4 de febrero de 2019, la Oficina del Procurador General le remitió al licenciado Rodríguez García por correo regular, certificado y electrónico, un requerimiento de

información. Le concedió hasta el 25 de febrero de 2019 para cumplir con el requerimiento.

El 13 de febrero de 2019, la Oficina del Procurador General presentó ante nos una "Moción informativa sobre gestiones investigativas y solicitud de término para culminarlas", en la que nos solicitó que le concediéramos un término adicional de 45 días para obtener la contestación del licenciado Rodríguez García y así culminar su investigación y presentar el informe correspondiente. El 7 de marzo de 2019, le concedimos a la Oficina del Procurador General el término solicitado.

El 1 de abril de 2019, la Oficina del Procurador General presentó ante nos una "Solicitud de orden ante incumplimiento con los requerimientos del Procurador General". Nos informó que el licenciado Rodríguez García aún no había cumplido con el requerimiento de información ni había solicitado un término adicional para hacerlo. Señaló que, ante ello, el 4 de marzo de 2019 se le envió al licenciado Rodríguez García una comunicación mediante correo electrónico en la cual se le concedió hasta el 14 de marzo de 2019 para someter la información solicitada. Indicó que, luego de esto, el letrado Rodríguez García respondió que no había recibido el requerimiento de información. Informó el Procurador General que, ante esto, el 11 de marzo de 2019 se le enviaron nuevamente al licenciado Rodríguez García tanto el correo electrónico como la carta del 4 de febrero de 2019, que contenían el requerimiento de información.

El 6 de mayo de 2019, emitimos una Resolución en la que le concedimos al licenciado Rodríguez García un término de 20 días para que compareciera ante la Oficina del Procurador General y respondiera los requerimientos que se le cursaron. Le apercibimos que el incumplimiento con nuestra orden podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Esa resolución se le notificó al licenciado Rodríguez García el 8 de mayo de 2019.

El 5 de junio de 2019, la Oficina del Procurador General presentó ante nos una "Moción informativa sobre incumplimiento del promovido a orden del 6 de mayo de 2019", en la que nos informó que el licenciado Rodríguez García aún no había cumplido con el requerimiento de información.

II

El Canon 9 del Código de Ética Profesional, supra, dispone, en lo pertinente, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Hemos resuelto que "[l]a naturaleza de la función del abogado requiere de este una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". In re Lugo Rodríguez, 200 DPR 828, 832 (2018).

Este Tribunal ha reiterado que los abogados deben la más estricta observancia a las órdenes judiciales, más aún cuando se trata de procedimientos disciplinarios. In re Latoni Rivera, 200 DPR 161, 166 (2018). Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, al igual

que ante los requerimientos de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad y constituye una violación del Canon 9. In re Lugo Rodríguez, supra, pág. 832. La consecuencia del incumplimiento con las órdenes o los requerimientos de este Tribunal ha sido, consistentemente, la suspensión indefinida del ejercicio de la profesión. In re Latoni Rivera, supra, pág. 166; In re Prado Rodríguez, 190 DPR 361 (2014).

## III

Nos encontramos ante un caso en el cual un miembro de la profesión desatendió nuestras órdenes. La Oficina del Procurador General le envió al licenciado Rodríguez García un requerimiento, pero este no proveyó la información que se le solicito. Luego, le ordenamos al licenciado Rodríguez García cumplir con el requerimiento de información en aras de que el Procurador General pudiera culminar la investigación sobre la queja en su contra y rindiera el informe correspondiente.

La dejadez que mostró el licenciado Rodríguez García ante nuestros requerimientos demuestra que ya no desea continuar ejerciendo la abogacía. Su conducta indiferente constituye una falta de respeto a esta Curia, que violenta el Canon 9, supra.

## IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Rodríguez García.

Se impone al señor Rodríguez García el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro de un término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Rodríguez García a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia a la Secretaria de Justicia, para que tome la acción que estime pertinente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos R. Rodríguez García
(TS-7,061)

Conducta
Profesional

AB-2018-0259

SENTENCIA

En San Juan, Puerto Rico, a 16 de julio de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al licenciado Rodríguez García.

Se impone al señor Rodríguez García el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro de un término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Rodríguez García a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia a la Secretaria de Justicia, para que tome la acción que estime pertinente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo